**Ex parte Claudio Arnold GONZALES, Relator.**

**No. 3–83–164–CR.**

Court of Appeals of Texas, Austin.

March 21, 1984.

Charles O. Grigson, Austin, for relator.

Ronald Earle, Dist. Atty., Paul Womack, Asst. Dist. Atty., Austin, for the State.

Before SHANNON, EARL W. SMITH and GAMMAGE, JJ.

EARL W. SMITH, Justice.

Claudio Arnold Gonzales appeals from an order denying his application for writ of habeas corpus. He was indicted March 23, 1978 for the offense of delivery of cocaine. In June of 1978 he pleaded guilty to the lesser-included offense of possession of cocaine, made a judicial confession to his guilt and was adjudged guilty. Punishment was assessed at confinement in the Department of Corrections for ten years and a fine of $1,500.00. Imposition of sentence was suspended and he was placed on probation for ten years.

On May 13, 1983, the State filed an amended motion to revoke probation. Appellant moved to dismiss the indictment on the grounds that it was fundamentally defective and void under *Crowl v. State*, 611 S.W.2d 59 (Tex.Cr.App.1981). Appellant and the State agreed that the indictment was void. The motion was granted and the indictment was dismissed. Gonzales was reindicted for the same offense on June 15, 1983. Because the second indictment was defective, a third indictment for the same offense was returned August 25, 1983, following which Gonzales filed a Writ of Habeas Corpus in the trial court, who, after hearing, denied the writ. This Court has jurisdiction to hear the appeal pursuant to Tex.Code Cr.P.Ann. art. 44.34 (Supp.1982).

Gonzales assigns two grounds of error: (1) the trial court erred in denying appellant's application for Writ of Habeas Corpus because allowing the State to proceed with this case will place appellant in jeopardy a second time for an offense for which he has already been convicted, and (2) the trial court erred in denying the writ because allowing the State to continue with the prosecution of the case under the circumstances would constitute a denial of due process of law. We overrule both

grounds of error and affirm the order of the trial court denying the writ.

■ The Fifth Amendment to the United States Constitution, prohibiting a person from being placed twice in jeopardy for the same offense, is applicable to the states. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). *See Ex parte Robinson*, 641 S.W.2d 552, 554 (Tex.Cr. App.1982). Gonzales correctly argues that because the focus of the writ, under his first ground of error, is on the risk of conviction, he may present his writ claiming double jeopardy to the trial court prior to trial and if the trial court denies same after hearing, he may appeal to this Court. Tex.Code Cr.P.Ann. art. 44.34; *United States v. Hollywood Motor Company*, 458 U.S. 263, 102 S.Ct. 3081, 73 L.Ed.2d 754 (1982); *Ex parte Robinson, supra.*

Gonzales argues that following his being found guilty and being placed on probation he did nothing to set aside his conviction until a motion to revoke his probation was filed five years later. It was then that the indictment was dismissed upon his motion in which he correctly contended that the indictment was *void*. Despite the fact that the indictment was dismissed on his motion, he insists that jeopardy can attach even though the indictment was void. Counsel for Gonzales candidly admits that none of the authorities cited in his brief are based upon a dismissal at the instance of the accused *where the indictment upon which the conviction is founded is void.*

In *Allen v. State*, 656 S.W.2d 592, 594 (Tex.App.1983, no pet.) we held:

> In every appeal involving the issue of double jeopardy, inquiry begins with the question of whether the defendant was ever first placed in jeopardy, *Crist v. Bretz*, 437 U.S. 28 [98 S.Ct. 2156, 57 L.Ed.2d 24] ... (1978), for it is axiomatic fact that there can be no double jeopardy unless the defendant has been previously placed in jeopardy.

In *Illinois v. Somerville*, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973), the defendant was indicted for the crime of theft. The case was called for trial and a jury was impaneled and sworn. The next day, the prosecuting attorney realized that the indictment was fatally defective under Illinois law. As in Texas, an indictment in Illinois is the means by which a defendant may be brought to trial for felony offenses. The trial court granted the State's motion for a mistrial, after which a second indictment, meeting the requirements of the statute, was returned. Defendant, at arraignment, raised the claim of double jeopardy and was overruled. The jury convicted the defendant, sentence was imposed, and the conviction was upheld by the Illinois courts. The defendant sought federal habeas corpus relief, alleging double jeopardy. The Seventh Circuit affirmed the denial of habeas corpus. The Supreme Court, having granted certiorari, remanded the case to the Seventh Circuit for consideration of the writ. The Seventh Circuit held that the defendant's petition for habeas corpus should have been granted because, although defendant had not been tried and acquitted as in *Benton v. Maryland, supra*, jeopardy had attached when the jury was impaneled and sworn, and a declaration of mistrial, over defendant's objection, precluded a re-trial under a valid indictment.

The Supreme Court reversed the decision of the Seventh Circuit and held that the defendant was properly re-tried under the second valid indictment. The Court noted that the combined operation of the Illinois rules of procedure and substantive law meant that the defect in the indictment was "jurisdictional"; it could not be waived by the defendant's failure to object, and could be asserted on appeal or in a post-conviction proceeding to overturn a final judgment of conviction. *See Burks v. United States*, 437 U.S. 1, 10–12, 98 S.Ct. 2141, 2146–48, 57 L.Ed.2d 1 (1978).

■ Since the United States Supreme Court holds in *Illinois v. Somerville, supra*, that where the *State* procures a mistrial over *defendant's objection* because the indictment was fundamentally defective the double jeopardy clause does not bar re-trial on a valid indictment, it would border on the ridiculous to hold to the contrary where the defendant secures a dismissal for the same reason, i.e., a void indictment.

■ Under his second ground of error, Gonzales argues that regardless of the Court's decision on the double jeopardy issue, "it would be fundamentally unfair under the facts and circumstances ... to allow the State to proceed with a second trial against Appellant for the same offense with which he was charged in 1978." He contends that the State is in a position of arguing that the 1978 indictment was a nullity for double jeopardy purposes but that the same void indictment tolled the statute of limitation under Tex.Code Cr.P. Ann. art. 12.05 (1977). He argues, further that he will be denied his constitutional right to a speedy trial. Such argument ignores the fact that since the indictment was void, the conviction was likewise void, and that it was *his* motion to dismiss the indictment that necessitated re-indictment and re-trial.

■ "[A] defendant, who procures a judgment against him upon an indictment to be set aside, may be tried anew ... upon another indictment, for the same offense of which he had been convicted." *United States v. Ball*, 163 U.S. 662, 672, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896), approved in *Burks v. United States, supra.*

A writ of habeas corpus ordinarily does not lie as a substitute for an appeal. *Ex parte Hopkins*, 610 S.W.2d 479, 480 (Tex. Cr.App.1980). An exception has been made where double jeopardy is raised. No exception has been made as to the arguments contained in appellant's second ground of error. Other constitutional rights are not undermined by the postponement of review until after conviction. Such is true of resolution of a pleading that the statute of limitations bars prosecution. *See* Tex.Code Cr.P.Ann. arts. 27.08 and 28.06 (1966).

The order of the trial court denying appellant's writ of habeas corpus is affirmed.