**Ex parte Jean. MATTHEWS, Appellant.**

**No. 01-92-00447-CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 21, 1993.

Discretionary Review Granted May 5, 1993.

Richard Haynes, Ron S. Rainey, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., J. Harvey Hudson, George Lambright, Asst. Dist. Attys., Houston, for appellee.

Before OLIVER–PARROTT, C.J., and WILSON and O'CONNOR, JJ.

## OPINION ON MOTION FOR REHEARING

O'CONNOR, Justice.

On motion for rehearing, we withdraw our earlier opinion and substitute this. We deny the motion for rehearing. .

Jean Matthews, the appellant, contends her prosecution for perjury is barred by equitable estoppel, that the statute tolling the statute of limitations is unconstitutional, and that the preindictment delay in this case runs afoul of both the due process clause of the United States Constitution and the due course of law guarantee of the Texas Constitution. We dismiss for lack of jurisdiction.

This is an appeal from the trial court's denial of the relief requested in her pretrial application for writ of habeas corpus. On January 8, 1991, the appellant was indicted for aggravated perjury for testifying on June 12, 1981, in the capital murder trial of Phillip Tompkins. In that trial, the appellant testified, "I hold a Ph.D. in psychol-

ogy from Florida State University in Tallahassee." The indictment alleges the appellant does not hold a Ph.D. in psychology from Florida State University.

The statute of limitations on aggravated perjury is three years. Tex.CODE CRIM. P.ANN. art. 12.01(5) (Vernon Supp.1993). Relying on the tolling provision in TEX. CODE CRIM.P.ANN. art. 12.05(a) (Vernon 1977),[1] in the indictment the State alleged the appellant was not present within the state of Texas for a cumulative period of three years from the commission of the offense until the return of the indictment.

At the hearing on the appellant's application for writ of habeas corpus, the parties stipulated the following: at the time she made the allegedly perjured statement, June 12, 1981, the appellant was a resident of another state; she was summoned to Harris County by the district attorney's office; the State paid for her travel expenses and accommodations; and she gave testimony in Tompkins' trial. The State refused to stipulate that it paid the appellant for her testimony, and the appellant put on no evidence to establish such a fact.

At the habeas corpus hearing, the appellant introduced into evidence a program from the Florida State University 1972 commencement exercise, showing Jean Reese Foster (the appellant's maiden name) and under it:

B.A. Florida State University

M.A. Florida State University

Interdepartmental Program in Humanities

Major Professor: John F. Spratt

*The Aesthetic Concept of Economy*

The appellant also introduced the death certificate for John F. Spratt. At the hearing, defense counsel stated he had certified copies of the appellant's transcript from Florida State University, which showed the courses she took from that and other universities. Defense counsel did not introduce the transcript into evidence. He argued the appellant would be not be able to bring Dr. Spratt as a witness because of

the State's delay in indicting her; and her only way to conduct a defense would be to take the stand and give up her fifth amendment right not to testify against herself.

In response, the prosecutor said the State did not discover the appellant had perjured herself until March or February 1990, in connection with a post-conviction writ of habeas corpus proceeding in the *Tompkins* case.

**Jurisdiction**

We first address the question of whether this Court has jurisdiction to consider this appeal. The State says we do not.

■ The State admits that certain issues can be reviewed on an appeal from the denial of a pre-trial writ of habeas corpus. For example, a defendant may challenge by appeal the denial of a pre-trial writ of habeas corpus that contends the prosecution is barred by double jeopardy. *Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex.Crim.App. 1982); *Ex parte Stowe*, 744 S.W.2d 615, 616 (Tex.App.—Houston [1st Dist.] 1987, no pet.). A defendant may challenge by appeal the denial of a writ of habeas corpus that contends the prosecution is barred by collateral estoppel. *Robinson*, 641 S.W.2d at 556. A defendant may also challenge the excessiveness of his bail in an appeal from a pre-trial writ of habeas corpus. *See Ex parte Keller*, 595 S.W.2d 531, 532 (Tex. Crim.App.1980).

The State claims that the appellant in this case may not appeal the denial of the writ of habeas corpus and cites cases such as *Ex parte Delbert*, 582 S.W.2d 145 (Tex. Crim.App.1979), and *Ex parte Gonzales*, 667 S.W.2d 932 (Tex.App.—Austin 1984, pet. ref'd).

In *Delbert*, the defendant appealed from the denial of a pre-trial writ of habeas corpus based on one ground: that he had been denied a speedy trial. The Court of Criminal Appeals restated a holding from an earlier case, that a defendant could not appeal from the denial of a motion to dis-

---

**1.** The statute provides: "The time during which the accused is absent from the state shall not be    computed in the period of limitation."

miss made on grounds of lack of speedy trial. *Delbert,* 582 S.W.2d at 146. The Court held that a defendant could not circumvent the prohibition against an interlocutory appeal by appealing from the denial of a writ of habeas corpus. *Id.*

In *Gonzales,* the defendant appealed from the denial of a writ of habeas corpus with two points of error: (1) double jeopardy, and (2) denial of due process of law. *Gonzales,* 667 S.W.2d at 933. The Austin Court of Appeals overruled the double jeopardy point of error after reviewing the merits of the claim. The court refused to consider the defendant's due process point of error, saying:

> A writ of habeas corpus ordinarily does not lie as a substitute for an appeal.... An exception has been made where double jeopardy is raised. No exception has been made as to the arguments contained in appellant's second ground of error. Other constitutional rights are not undermined by the postponement of review until after conviction.

*Gonzales,* 667 S.W.2d at 935.

■ To support her argument that we do have jurisdiction, the appellant cites *Ex parte Meyer,* 172 Tex.Crim. 403, 357 S.W.2d 754 (App.1962). In *Meyer,* the defendant challenged the validity of a statute on which the State was relying for its prosecution. *Id.* 357 S.W.2d at 755. Although the Court of Criminal Appeals denied the defendant relief, the court reviewed the challenge to the validity of the statute. *Id.* at 754–57. We do not find *Meyer* persuasive. *Meyer* represents one more exception to the general rule that a party may not appeal from the denial of a pre-trial writ of habeas corpus, to wit: When the statute the defendant is accused of violating is facially unconstitutional, a defendant may appeal the denial of a pre-trial writ of habeas corpus. *See also Ex parte Crisp,* 661 S.W.2d 944, 947 (Tex. Crim.App.1983). In both *Meyer* and *Crisp,* the captions of the statutes the defendants were accused of violating, did not provide adequate notice of the purpose of the act.

■ On motion for rehearing, the appellant cites *Ex parte Ward,* 560 S.W.2d 660, 661 (Tex.Crim.App.1978). In *Ward,* the defendant challenged the indictment as void on its face: the indictment for rape, dated July 1977, charged the defendant with a crime committed in March 1974, long after the statute of limitations ran. *Id.* In an effort to bring the indictment within the statute of limitations, the State alleged that it had, within the statute of limitations period, filed the same charge in the justice court. The Court of Criminal Appeals held that the filing of the complaint in justice court did not toll the statute of limitations, and dismissed the case. We hold that *Ward* supports the proposition that a defendant may challenge an indictment that is void on its face in an appeal from a pretrial writ of habeas corpus. *See also Ex parte Dickerson,* 549 S.W.2d 202, 203–204 (Tex.Crim.App.1977) (if the indictment does not allege facts that show the statute of limitations has been tolled, the indictment is not valid). The holding in *Ward,* however, does not assist the appellant in this case. The indictment in this case is not void on its face.

■ Here, the appellant does not challenge the statute under which she is charged, the perjury statute, as facially invalid as in *Meyer* and *Crisp.* Neither does the appellant challenge the indictment as void on its face, as in *Ward* and *Dickerson.* The appellant contends that the statute of limitations "as applied to the facts and circumstances of the present cause," places an impermissible burden on interstate commerce (point of error 2), violates the equal protection clause of the state and federal constitutions (point of error 3), violates the privileges and immunities clause (point of error 4), is unconstitutionally vague and ambiguous (point of error 5), and violates the appellant's due process rights (point of error 6). The appellant also contends the State is barred from prosecuting her for perjury by equitable estoppel (point of error 1).

We hold that we have no jurisdiction to review the appellant's challenges to the indictment. The appellant must make

those complaints in a regular appeal after trial on the merits.

WILSON, J., dissents without opinion.