### Ex parte Jean MATTHEWS.

### No. 243–93.

Court of Criminal Appeals of Texas, En Banc.

Jan. 12, 1994.

Richard Haynes and Ron S. Rainey, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., J. Harvey Hudson, and George Lambright, Asst. Dist. Attys., Houston, and Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

BAIRD, Judge.

Appellant was indicted for aggravated perjury allegedly committed on June 12, 1981. Tex.Penal Code Ann. § 37.03. Appellant's indictment was presented on January 28, 1993 and alleged that the statute of limitations was tolled.[1] Tex.Code Crim.Proc.Ann. art. 12.05(a).[2] Appellant challenged the in-

---

**1.** The statute of limitations for the offense of aggravated perjury is three years. Tex.Code Crim.Proc.Ann. art. 12.01(5).

**2.** Tex.Code Crim.Proc.Ann. art. 12.05 provides:

(a) The time during which the accused is absent from the state shall not be computed in the period of limitation.

dictment, specifically the constitutionality of art. 12.05(a), in a pre-trial application for writ of habeas corpus. The trial judge denied relief and appellant appealed. However, the Court of Appeals dismissed the appeal for lack of jurisdiction. *Ex parte Matthews*, 846 S.W.2d 152 (Tex.App.—Houston [1st Dist.] 1993). We granted appellant's petition for discretionary review to determine whether certain challenges to an indictment may be raised in a pre-trial application for writ of habeas corpus.[3]

## I.

■ The threshold issue is whether the 1985 amendments to art. V, § 12(b) of the Texas Constitution preclude challenges to a charging instrument by way of a pre-trial application for writ of habeas corpus. Art. V, § 12(b) provides:

(b) An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law. The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.

Texas Constitution, art. V, § 12(b).

Tex.Code Crim.Proc.Ann. art. 1.14(b), as amended in 1985, is the enabling legislation for art. V, § 12(b) and provides:

If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the

merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection *on appeal or in any other postconviction proceeding.* Nothing in this article prohibits the trial court from requiring that an objection to an indictment or information be made at an earlier time in compliance with Article 28.01 of this Code.[4]

In *Studer v. State*, 799 S.W.2d 263 (Tex.Cr. App.1990), we interpreted the amendments to art. V, § 12(b) and art. 1.14 and held a defect in a charging instrument is waived unless raised prior to trial. *Id.*, 799 S.W.2d at 273. *See also, Bridwell v. State*, 804 S.W.2d 900, 905 (Tex.Cr.App.1991); *State v. Murk*, 815 S.W.2d 556, 557 (Tex.Cr.App. 1991); *DeDonato v. State*, 819 S.W.2d 164, 167 (Tex.Cr.App.1991); *Ex parte Morris*, 800 S.W.2d 225, 227 (Tex.Cr.App.1990); *and, Ex parte Gibson*, 800 S.W.2d 548, 550 (Tex.Cr. App.1990).

Relying upon the amendment to art. V, § 12(b) and art. 1.14, the State contends:

The doctrine of "fundamental" error in an indictment has passed from the jurisprudence of this state. Assuming that the indictment in this case was returned by a lawful Grand Jury, which Appellant does not dispute, it imparted jurisdiction upon the trial court however severe its technical errors and omissions. In other words, while an indictment may be "voidable," it can no longer be "void."

State's Brief pg. 6.

We believe, from a "common sense interpretation" of the amendments to art. V, § 12(b) and art. 1.14, that the amendments were intended to apply to post-conviction attacks on indictments and are inapplicable

(b) The time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation.
(c) The term "during the pendency," as used herein, means that period of time beginning with the day the indictment, information, or complaint is filed in a court of competent jurisdiction, and ending with the day such accusation is, by an order of a trial court having jurisdiction thereof, determined to be invalid for any reason.

3.  Appellant's ground for review states:

    If the State is required to plead the tolling statute to have a valid indictment, can a defendant challenge the constitutionality of that statute by way of pre-trial habeas corpus.

4.  All emphasis is supplied unless otherwise indicated.

to pre-trial habeas proceedings.[5] When the Senate Criminal Justice Committee discussed the proposed constitutional amendments to art. V, § 12 and art. 1.14 (Senate Bill 169 and Senate Joint Resolution 16), Senator Brown stated:

> Basically, this bill and the resolution is designed to provide for a method of doing away with the troublesome problem we all recognize has confronted the courts in this State for some time, and that is, defects in the indictment which are not raised at the time of trial and then are which are raised for the first time on appeal and which in carrying out the duties of the function of the appellate system end up being reversed on appeal. And many times, with what is conceived by the public, prior defects that could have and should have been corrected at the trial stage if there were a mechanism for that to be done.

Senate Criminal Justice Committee Hearing, March 5, 1985. Further, in the House Floor Debate on the proposed amendments Representative Dan Morales explained:

> ... Any defect with regard to form or substance in a criminal indictment has got to be raised prior to the trial on the merits. So basically, what the legislation would do is simply require that the defendant raise any sort of technical defect with regard to an indictment prior to trial to preclude a situation where we go through the entire trial, get a verdict, a sentence, an ultimate conclusion to that trial, and then have the defect raised, resulting in a reversal.

House Floor Debate, May 24, 1985. Further, there is nothing in the legislative history indicating that the Legislature intended for the amendments to affect a defendant's ability to challenge an indictment by way of a

pre-trial application for writ of habeas corpus. Therefore, we hold the amendments to art. V, § 12(b) and art. 1.14 did not alter our jurisprudence relating to pre-trial applications for writ of habeas corpus.

## II.

■ As a general rule, an indictment may not be challenged in a pre-trial application for writ of habeas corpus. *Ex parte Mangrum*, 564 S.W.2d 751 (Tex.Cr.App.1978); *Ex parte Delbert*, 582 S.W.2d 145 (Tex.Cr.App. 1979); *Ex parte Bonds*, 148 Tex.Crim. 198, 185 S.W.2d 984 (1945); *and, Ex parte Mattox*, 683 S.W.2d 93, 95 (Tex.App.—Austin 1984). However, this general rule is not without exceptions. In *Ex parte Meyer*, 172 Tex.Crim. 403, 357 S.W.2d 754 (1962), we reviewed a pre-trial application for writ of habeas corpus contending the prosecution was based upon a void statute. *Id.*, 357 S.W.2d at 755. In *Ex parte Ward*, 560 S.W.2d 660 (Tex.Cr.App.1978), we reviewed a pre-trial application for writ of habeas corpus challenging the tolling provisions of Tex.Code Crim.Proc.Ann. art. 12.05(b). *Id.*, 560 S.W.2d at 662. Finally, in *Ex parte Dickerson*, 549 S.W.2d 202 (Tex.Cr.App.1977), we held that Dickerson was entitled to a writ of habeas corpus where the indictment on its face showed the prosecution was barred by the statute of limitations. Therefore, we have entertained challenges to an indictment raised by pre-trial applications for writ of habeas corpus.[6]

## III.

■ The Court of Appeals recognized the foregoing exceptions but nevertheless dismissed the appeal because appellant did "not

---

5. In his testimony before the Senate Criminal Justice Committee concerning the amendments, State Prosecutor Robert Huttash stated:

> ... First of all, I don't think there is any perfect way to draw up the constitutional amendment or a statute to deal with indictments and informations. I would think, and hope, that the courts of this state, the appellate courts and the trial courts, will give this bill and this constitutional amendment, if passed, a common sense interpretation.

Senate Criminal Justice Committee hearing, March 5, 1985.

6. The State concedes that certain issues are properly considered in a pre-trial habeas corpus. *See, Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex.Cr.App.1982) (defendant may raise a claim of double jeopardy in a pre-trial application for writ of habeas corpus); *Stephens v. State*, 806 S.W.2d 812 (Tex.Cr.App.1990) (defendant may raise a claim of double jeopardy in a pre-trial application for writ of habeas corpus); *and, Ex parte Keller*, 595 S.W.2d 531, 532 (Tex.Cr.App. 1980) (defendant may seek a determination of the reasonableness of bail in a pre-trial application for habeas corpus).

challenge the statute under which she is charged, the perjury statute, as facially invalid as in *Meyer* ... [nor] does the appellant challenge the indictment as void on its face as in *Ward....*" *Matthews,* 846 S.W.2d at 154. We disagree.

Although appellant does not challenge the validity of the aggravated perjury statute, Tex.Penal Code Ann. § 37.03, the indictment in this case alleges the statute of limitations was tolled pursuant to Tex.Code Crim.Proc. Ann. art. 12.05(a). Without this allegation, appellant's indictment may not be presented. Tex.Code Crim.Proc. art. 12.01(5). Therefore, in order to obtain a conviction, the State must prove the elements of aggravated perjury *and* the tolling of the statute of limitations. Appellant challenges the validity of the statute of limitations, without which there can be no prosecution. We see no meaningful distinction between the instant case and *Meyer.*

Further, the Court of Appeals erred in concluding *Ward* was distinguishable from the instant case. To the contrary, the cases are very similar. Ward's indictment alleged the commission of an offense on a date beyond the statute of limitations. The indictment further alleged that the statute of limitations was tolled. *Ward,* 560 S.W.2d at 661. Ward filed a pre-trial application for writ of habeas corpus contending the statute of limitations was not tolled and the trial judge denied relief. Ward appealed and we reversed, holding the statute of limitations was not tolled. *Id.,* 560 S.W.2d at 662. In the instant case, the indictment alleges the commission of an offense on a date beyond the statute of limitations. The indictment further alleges that the statute of limitations was tolled pursuant to art. 12.05(a). Appellant's pre-trial writ application challenged art. 12.05(a) and the trial judge denied relief. Appellant now seeks review of that decision. Therefore, there is no distinction between this case and *Ward;* if appellant is correct, her prosecution will be limitations barred just as the prosecution in *Ward.*

*Ward* and *Meyer* control the disposition of the instant case. Appellant's pre-trial application for writ of habeas corpus was an appropriate vehicle for appellant to challenge

her indictment. Accordingly, the Court of Appeals erred in dismissing the appeal for lack of jurisdiction. The judgment of the Court of Appeals is reversed and the case is remanded to that Court for consideration of appellant's points of error.

MILLER, J., joins part I but concurs only to parts II and III.

CLINTON, Judge, dissenting.

There is no authority in our law for a pretrial habeas corpus attacking the validity of allegations in the charging instrument that the applicable tolling statute of limitations "as applied to the facts and circumstances of the present offense" is unconstitutional on several asserted grounds. *Ex parte Matthews,* 846 S.W.2d 152, at 154 (Tex.App.— Houston 1993).

The code of criminal procedure enumerates authorized pleadings of a defendant in Article 27.02, V.A.C.C.P. The first is "(1) A motion to *set aside* or an *exception* to an indictment or information for some matter of form or substance."

Grounds for a motion to set aside are prescribed generally and specifically in Article 27.03, V.A.C.C.P. and do not embrace the ground asserted in the instant application for habeas corpus.

Exclusive reasons for an exception for some matter of substance are delineated in Article 27.08, V.A.C.C.P., and one at least relates to the asserted ground, *viz:*

"2. That it appears *from the face thereof* that a prosecution for the offense is barred by lapse of time[.]"

Because the record here clearly shows that applicant relied on stipulated evidence and documentary evidence going to his constitutional claims, appellant cannot be invoking Article 27.08, 2.

Thus the record also shows that applicant is not entitled to appeal because he does not make a facial challenge to the indictment; the authorities cited and discussed by the majority will not "control the disposition of this cause." *Ex parte Ward,* 560 S.W.2d 660 (Tex.Cr.App.1978) (facially statute of limitations not tolled), and *Ex parte Meyer,* 357

S.W.2d 754 (Tex.Cr.App.1962) (facially one statutory provision held void; another held valid); *Ex parte Dickerson,* 549 S.W.2d 202 (Tex.Cr.App.1977) (facially indictment showed prosecution barred).

Under proper pretrial pleadings, as the court of appeals noted, applicant must make her complaints in regular order and take an appeal after trial on the merits. *Matthews,* supra, at 153.

McCORMICK, P.J., joins.

CAMPBELL, Judge, dissenting.

The question presented is whether a defendant may utilize pretrial habeas corpus to assert the invalidity of a tolling provision in the statute of limitations. Because I disagree with the Court's affirmative answer to that question, I dissent.

### The Facts

In January 1991 a Harris County grand jury indicted appellant Jean Matthews for aggravated perjury, a felony offense which she allegedly committed in June 1981. See Tex.Penal Code § 37.03(a). Because a prosecution for aggravated perjury is normally barred by the statute of limitations three years after the date of the offense,[1] the indictment alleged that the statute of limitations had been tolled by appellant's absence from the state.[2] In a pretrial application for writ of habeas corpus filed in the trial court, appellant contended that the prosecution against her was limitations barred nonetheless because the statute of limitations' tolling provision was unconstitutional. She argued in particular that the tolling provision violated Texas Constitution article I, § 19 (due course of law clause), and United States Constitution article I, § 8, cl. 3 (commerce clause); article IV, § 2, cl. 1 (privileges and immunities clause); and amendment XIV (due process clause).

After an evidentiary hearing on appellant's application, the trial court denied relief. Appellant then appealed the trial court's ruling, but the First Court of Appeals dismissed the appeal for want of jurisdiction. *Ex parte Matthews,* 846 S.W.2d 152 (Tex.App.—Houston [1st Dist.] 1993). The court of appeals held that appellant's arguments were not of the type that could be reviewed in a pretrial habeas corpus proceeding and that she "must make those complaints in a regular appeal after trial on the merits." *Id.,* at 154–155. We granted appellant's petition for discretionary review, pursuant to Texas Rule of Appellate Procedure 200(c)(2), to determine whether the court of appeals erred.

### The Law

The final judgment rule provides that piecemeal appellate review of litigation is generally inappropriate and therefore appeals ordinarily should be allowed only from a final judgment. "The final judgment rule, as applied to both civil and criminal cases, reflects a determination that, on balance, postponing appeal until a final judgment is reached both protects the interests of the litigants in a fair and accessible process and conserves judicial resources." W. LaFave & J. Israel, *Criminal Procedure* § 27.2, at 1138 (2nd ed. 1992). Because of the importance of the final judgment rule to the orderly and efficient administration of justice, it should be subject to exception only where the protection of the defendant's substantive rights or the conservation of judicial resources would be better served by interlocutory review. *Id.,* at 1140.

In line with these principles, we have held that habeas corpus is an extraordinary remedy that should not be entertained where there is an adequate remedy by appeal after final judgment. *Ex parte Clore,* 690 S.W.2d 899, 900 (Tex.Crim.App.1985); *Ex parte Groves,* 571 S.W.2d 888, 890 (Tex.Crim.App. 1978). Thus, a defendant may not use pretrial habeas corpus to assert, e.g., his constitutional rights to a speedy trial or due process. *Ex parte Delbert,* 582 S.W.2d 145 (Tex. Crim.App.1979) (speedy trial); *Ex parte Gonzales,* 667 S.W.2d 932, 935 (Tex.App.—

---

1. See Tex.Code Crim.Proc. art. 12.01(5).

2. Texas Code of Criminal Procedure article 12.-05(a) provides: "The time during which the accused is absent from the state shall not be computed in the period of limitation."

Austin 1984, pet. ref'd) (due process). On the other hand, a defendant may use pretrial habeas corpus to assert his constitutional protections with respect to double jeopardy and bail, because if he were not allowed to do so, those protections would be effectively undermined. *Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex.Crim.App.1982) (double jeopardy); *Ex parte Keller*, 595 S.W.2d 531, 532–533 (Tex.Crim.App.1980) (bail).

We have also allowed defendants to utilize pretrial habeas corpus to assert the invalidity of the very penal statutes under which they were charged, although the justification for allowing this exception to the final judgment rule has never been made explicit and, indeed, might be considered problematic. See, e.g., *Ex parte Boetscher*, 812 S.W.2d 600 (Tex.Crim.App.1991); *Ex parte Meyer*, 172 Tex.Crim. 403, 357 S.W.2d 754 (1962). We apparently reasoned in such cases that subjecting a defendant to a trial grounded on an invalid penal statute was fundamentally unjust and that there was no adequate remedy by appeal.

Finally, we have allowed defendants to use pretrial habeas corpus to challenge indictments that showed on their face that the charged offenses were barred by limitations. See *Ex parte Ward*, 560 S.W.2d 660 (Tex. Crim.App.1978); *Ex parte Dickerson*, 549 S.W.2d 202 (Tex.Crim.App.1977). Our stated rationale in those cases was that the indictments were so flawed that they denied the trial court jurisdiction. That rationale was utterly destroyed, however, by the 1985 amendment to Texas Constitution article V, § 12(b), which now commands explicitly that "[t]he presentment of an indictment ... to a court invests the court with jurisdiction of the cause." Earlier this term, in *State v. Yount*, 853 S.W.2d 6, 8 (Tex.Crim.App.1993), we specifically stated that after the 1985 amendment, "an indictment which charges the commission of an offense barred by limitations still confers jurisdiction upon the trial court."

### Conclusion

In light of our present law, it is plain to me that appellant may not use pretrial habeas corpus to assert a claim that she may ade-

quately assert on appeal when, and if, she is ultimately convicted. The constitutional rights asserted by appellant will not be undermined by the postponement of review until after conviction. She may not now rely upon *Ward* and *Dickerson*, because those cases were effectively abrogated by constitutional amendment. Nor may she rely upon the very narrow exception to the final judgment rule exemplified by *Meyer*, because she does not assert the invalidity of the penal statute under which she has been charged. Moreover, given the problematic basis for the rule exemplified by *Meyer*, I would not extend it to appellant's circumstances.

I would affirm the judgment of the court of appeals. Because of the majority's refusal to do so, I dissent.

McCORMICK, P.J., and WHITE, J., join.

