### Ex parte Kurt GARRISON.

### No. 10–00–309–CR.

Court of Appeals of Texas, Waco.

April 25, 2001.

Kurt Garrison, San Antonio, pro se.

David N. Deaconson, Pakis, Giotes, Page & Burleson, P.C., Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

DAVIS, Justice.

Kurt Garrison filed a pre-trial application for writ of habeas corpus in the County Court at Law No. 2 alleging that proceedings instituted against him in the Municipal Court of Lacy–Lakeview are void. After a hearing on the merits, the court denied Garrison's application, and he appealed.

Garrison claims in five points that the court erred in denying the application because: (1) the clerk of the municipal court has never filed with the Secretary of State the oath required of government officials by article XVI, section 1 of the Texas Constitution, rendering the proceedings against him in the municipal court void; (2) the State was not ready for trial within sixty days of commencement of the proceedings against him in violation of his right to a speedy trial; (3) the arrest

warrants issued against him after he failed to appear for trial are invalid because he did not have proper notice of the trial setting; (4) his prosecution in the municipal court is barred by limitations; and (5) the State failed to show that the statutes under which he is being prosecuted apply because "he was exercising a constitutionally protected right of travel and not engaged in transportation as a carrier."

■■■ The writ of habeas corpus, like other extraordinary writs, will issue only when the applicant demonstrates that he has no adequate remedy at law. *See Smith v. Gohmert*, 962 S.W.2d 590, 593 (Tex.Crim.App.1998) (orig. proceeding); *see also State ex rel. Rodriguez v. Marquez*, 4 S.W.3d 227, 228 (Tex.Crim.App. 1999) (orig. proceeding) (mandamus); *Curry v. Wilson*, 853 S.W.2d 40, 43 (Tex.Crim. App.1993) (orig. proceeding) (prohibition). Likewise, an appellate court should not entertain an appeal from the denial of habeas relief when the applicant has an adequate remedy at law. *See Smith*, 962 S.W.2d at 593.

■■■ For this reason, a defendant may challenge his criminal prosecution by a pre-trial habeas application in only limited circumstances. *See Ex parte Tamez*, 38 S.W.3d 159, 160 (Tex.Crim.App.2001); *Ex parte Matthews*, 873 S.W.2d 40, 42 & n. 6 (Tex.Crim.App.1994). The primary manner in which a defendant may seek pre-trial habeas relief is by challenging the facial validity of the charging instrument. *See Matthews*, 873 S.W.2d at 42. Thus, a pre-trial habeas applicant may contend that the complaint, information, or indictment shows on its face that:

- the offense is barred by limitations; *see Tamez*, 38 S.W.3d at 160; *Matthews*, 873 S.W.2d at 42;
- the limitations tolling provisions of article 12.05 of the Code of Criminal Procedure do not apply; *see Matthews*, 873 S.W.2d at 42–43;
- the statute on which the prosecution is based is void; *id.* at 42; or
- prosecution for the offense is barred by double jeopardy; *see Stephens v. State*, 806 S.W.2d 812, 814 (Tex.Crim. App.1990) (citing *Abney v. United States*, 431 U.S. 651, 660–61, 97 S.Ct. 2034, 2040–41, 52 L.Ed.2d 651 (1977)).

A pre-trial habeas applicant may also seek relief from the wrongful denial of bail or an unreasonable bail. *See Matthews*, 873 S.W.2d at 42 n. 6.

■ The Court of Criminal Appeals has expressly rejected a pre-trial habeas application as the proper vehicle by which to raise a speedy trial claim. *See Smith*, 962 S.W.2d at 593. Pre-trial habeas relief is also not available for due process claims (*i.e.*, lack of notice). *See Mitchell v. State*, 963 S.W.2d 532, 540–41 (Tex.App.—Tyler 1996), *aff'd*, 977 S.W.2d 575 (Tex.Crim. App.1997).

■■ The municipal complaints do not show on their faces that the offenses alleged are barred by limitations. *See Tamez*, 38 S.W.3d at 160. The qualifications of the municipal court clerk have no bearing on the facial validity of the complaints. Thus, Garrison's claims do not fit within any of the limited exceptions to the general prohibition against the use of a pre-trial application for writ of habeas corpus to challenge a criminal prosecution.

■ Instead, it appears that his contentions should be raised by a motion to quash the complaints or a motion to dismiss for violation of his right to a speedy trial. *See Meyer v. State*, 27 S.W.3d 644, 648–51 (Tex.App.—Waco 2000, no pet.) (reviewing denial of motion to dismiss on speedy trial grounds); *Guajardo v. State*, 999 S.W.2d 566, 569–71 (Tex.App.—Houston [14th Dist.] 1999, pet. ref'd) (same);

*Schmitz v. State,* 952 S.W.2d 922, 923–26 (Tex.App.—Fort Worth 1997, pet. ref'd) (reviewing denial of motion to quash Class C complaint). If Garrison obtains adverse rulings on such motions, he can thereafter obtain appellate review of the rulings following a trial on the merits in the municipal court and a trial *de novo* in the county court.[1] *See, e.g., Huynh v. State,* 901 S.W.2d 480 (Tex.Crim.App.1995); *Schmitz,* 952 S.W.2d at 923.

Accordingly, we overrule Garrison's points and affirm the judgment.

---

1. We note, however, that Garrison will be able to obtain appellate review in this Court only if the fine assessed in the trial *de novo* exceeds $100 or he challenges the constitutionality of the statute on which his conviction is based. *See* Tex.Code Crim.Proc.Ann. art. 4.03 (Vernon Supp.2001).