Ex parte Kurt Garrison
















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-309-CR

EX PARTE KURT GARRISON
 

From the County Court at Law No. 2
McLennan County, Texas
Trial Court # 2000-0002HC2
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Kurt Garrison filed a pre-trial application for writ of habeas corpus in the County Court at
Law No. 2 alleging that proceedings instituted against him in the Municipal Court of Lacy-Lakeview are void. After a hearing on the merits, the court denied Garrison’s application, and
he appealed. 
      Garrison claims in five points that the court erred in denying the application because: (1) the
clerk of the municipal court has never filed with the Secretary of State the oath required of
government officials by article XVI, section 1 of the Texas Constitution, rendering the
proceedings against him in the municipal court void; (2) the State was not ready for trial within
sixty days of commencement of the proceedings against him in violation of his right to a speedy
trial; (3) the arrest warrants issued against him after he failed to appear for trial are invalid
because he did not have proper notice of the trial setting; (4) his prosecution in the municipal court
is barred by limitations; and (5) the State failed to show that the statutes under which he is being
prosecuted apply because “he was exercising a constitutionally protected right of travel and not
engaged in transportation as a carrier.”
      The writ of habeas corpus, like other extraordinary writs, will issue only when the applicant
demonstrates that he has no adequate remedy at law. See Smith v. Gohmert, 962 S.W.2d 590, 593
(Tex. Crim. App. 1998) (orig. proceeding); see also State ex rel. Rodriguez v. Marquez, 4 S.W.3d
227, 228 (Tex. Crim. App. 1999) (orig. proceeding) (mandamus); Curry v. Wilson, 853 S.W.2d
40, 43 (Tex. Crim. App. 1993) (orig. proceeding) (prohibition). Likewise, an appellate court
should not entertain an appeal from the denial of habeas relief when the applicant has an adequate
remedy at law. See Smith, 962 S.W.2d at 593.
      For this reason, a defendant may challenge his criminal prosecution by a pre-trial habeas
application in only limited circumstances. See Ex parte Tamez, 38 S.W.3d 159, 160 (Tex. Crim.
App. 2001); Ex parte Matthews, 873 S.W.2d 40, 42 & n.6 (Tex. Crim. App. 1994). The primary
manner in which a defendant may seek pre-trial habeas relief is by challenging the facial validity
of the charging instrument. See Matthews, 873 S.W.2d at 42. Thus, a pre-trial habeas applicant
may contend that the complaint, information, or indictment shows on its face that:
      •    the offense is barred by limitations; see Tamez, 38 S.W.3d at 160; Matthews, 873
S.W.2d at 42;
 
      •    the limitations tolling provisions of article 12.05 of the Code of Criminal Procedure do
not apply; see Matthews, 873 S.W.2d at 42-43; 
 
      •    the statute on which the prosecution is based is void; id. at 42; or
 
      •    prosecution for the offense is barred by double jeopardy; see Stephens v. State, 806
S.W.2d 812, 814 (Tex. Crim. App. 1990) (citing Abney v. United States, 431 U.S. 651,
660-61, 97 S. Ct. 2034, 2040-41, 52 L. Ed. 2d 651 (1977)).

A pre-trial habeas applicant may also seek relief from the wrongful denial of bail or an
unreasonable bail. See Matthews, 873 S.W.2d at 42 n.6.
      The Court of Criminal Appeals has expressly rejected a pre-trial habeas application as the
proper vehicle by which to raise a speedy trial claim. See Smith, 962 S.W.2d at 593. Pre-trial
habeas relief is also not available for due process claims (i.e., lack of notice). See Mitchell v.
State, 963 S.W.2d 532, 540-41 (Tex. App.—Tyler 1996), aff’d, 977 S.W.2d 575 (Tex. Crim.
App. 1997).
      The municipal complaints do not show on their faces that the offenses alleged are barred by
limitations. See Tamez, 38 S.W.3d at 160. The qualifications of the municipal court clerk have
no bearing on the facial validity of the complaints. Thus, Garrison’s claims do not fit within any
of the limited exceptions to the general prohibition against the use of a pre-trial application for writ
of habeas corpus to challenge a criminal prosecution. 
      Instead, it appears that his contentions should be raised by a motion to quash the complaints
or a motion to dismiss for violation of his right to a speedy trial. See Meyer v. State, 27 S.W.3d
644, 648-51 (Tex. App.—Waco 2000, no pet.) (reviewing denial of motion to dismiss on speedy
trial grounds); Guajardo v. State, 999 S.W.2d 566, 569-71 (Tex. App.—Houston [14th Dist.]
1999, pet. ref’d) (same); Schmitz v. State, 952 S.W.2d 922, 923-26 (Tex. App.—Fort Worth
1997, pet. ref’d) (reviewing denial of motion to quash Class C complaint). If Garrison obtains
adverse rulings on such motions, he can thereafter obtain appellate review of the rulings following
a trial on the merits in the municipal court and a trial de novo in the county court.


 See, e.g.,
Huynh v. State, 901 S.W.2d 480 (Tex. Crim. App. 1995); Schmitz, 952 S.W.2d at 923.
      Accordingly, we overrule Garrison’s points and affirm the judgment.
 
                                                                               REX D. DAVIS
                                                                               Chief Justice


Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed April 25, 2001
Publish