*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


★ ★ ★  ★ ★ ★

## MEMORANDUM OPINION

No. 04-08-00573-CR

**IN RE** Jesse **MENDEZ**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Karen Angelini, Justice
             Phylis J. Speedlin, Justice
             Steven C. Hilbig, Justice

Delivered and Filed:   August 20, 2008

PETITION FOR WRIT OF MANDAMUS DENIED

Relator Jesse Mendez filed a petition for a writ of mandamus alleging he filed an application

for a writ of habeas corpus in the trial court on June 18, 2008, and the trial court has failed to rule

on the application. Mendez asks this court to compel the trial court to issue a pre-trial writ of habeas

corpus and to conduct a hearing on the merits of his application. A copy of the pro se application

for a writ of habeas corpus is attached to the mandamus petition.

"Mandamus relief may be granted if the relator shows the following: (1) that the act sought

to be compelled is purely ministerial and (2) that there is no adequate remedy at law." *Deleon v.*

*District Clerk*, 187 S.W.3d 473, 474 (Tex. Crim. App. 2006) (quoting *Winters v. Presiding Judge*

---

[1] This proceeding arises out of Cause Nos. 2006-CR-3125, 2006-CR-3128-B, 2006-CR-6116, 2006-CR-6117-A, styled *State of Texas v. Jesse Mendez*, pending in the 144th Judicial District Court, Bexar County, Texas, the Honorable Catherine Torres-Stahl presiding.

*of the Crim. Dist. Court No. Three*, 118 S.W.3d 773, 775 (Tex. Crim. App. 2003)). To satisfy the ministerial act requirement, relator must show a clear right to the relief sought, meaning that the merits are beyond dispute and nothing is left to the exercise of discretion or judgment. *Id.*; *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003).

The Texas Code of Criminal Procedure provides that "[t]he writ of habeas corpus shall be granted without delay by the judge or court receiving the petition, unless it [is] manifest from the petition itself, or some documents annexed to it, that the party is entitled to no relief whatever." TEX. CODE CRIM. PROC. ANN. art. 11.15 (Vernon 2005). Mendez alleges in the habeas corpus application that he is illegally confined pursuant to indictments that are "illegal and unlawful" because Mendez has "a valid and sufficient defense to all charges." Habeas corpus is generally not available to challenge the sufficiency of an indictment prior to trial, except under limited circumstances not applicable here. *See Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001); *Ex parte Tamez*, 38 S.W.3d 159, 160 (Tex. Crim. App. 2001); *Ex parte Matthews*, 873 S.W.2d 40, 42 (Tex. Crim. App. 1994). We conclude the trial court could have determined from the face of the application that Mendez was entitled to no relief at all. Because Mendez has not shown the issuance of a writ of habeas corpus is a purely ministerial act in this case, he has failed to satisfy his mandamus burden. Accordingly, the petition for a writ of mandamus is denied.

PER CURIAM

DO NOT PUBLISH