**DISMISS; Opinion Filed July 7, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-15-00488-CR

---

## EX PARTE ROBERT WAYNE DILLARD

---

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F12-28264-S**

---

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Evans

Robert Wayne Dillard appeals the trial court's order denying him the relief sought by his

pretrial application for writ of habeas corpus challenging the constitutionality of the statute under

which he is being prosecuted. In a single issue, appellant contends the trial court abused its

discretion by denying him relief because the statute is unconstitutional as applied to him. We

dismiss the appeal for want of jurisdiction.

Appellant is charged by indictment with criminal solicitation of a minor with intent to

commit sexual assault.[1] He filed a pretrial application for writ of habeas corpus seeking to bar

---

[1] A person commits an offense if, "with intent that an offense under section…22.011 (sexual assault)…be committed, the person, by any means, requests, commands, or attempts to induce a minor or another whom the person believes to be a minor to engage in specific conduct that, under the circumstances surrounding the actor's conduct as the actor believes them to be, would constitute an offense under one of those sections or would make the

his prosecution, asserting that section 15.031 of the Texas Penal Code is both facially unconstitutional and unconstitutional as applied to him. The trial court denied appellant relief, and this appeal followed.

In a single issue on appeal, appellant contends the trial court erroneously denied his writ of habeas corpus because the statute upon which the indictment is based is unconstitutional as applied to his case. The State responds that appellant did not satisfy his burden to show the statute is unconstitutionally vague as applied to him. For the following reasons, we conclude we lack jurisdiction over the appeal.

Habeas corpus is generally not available before trial to test the sufficiency of an indictment where there is a valid statute under which prosecution may be brought nor to construe the meaning and application of a statute that defines the offense charged. *See Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010); *Ex parte Mangrum*, 564 S.W.2d 751, 752 (Tex. Crim. App. 1978). A pretrial application for writ of habeas corpus may be used by a defendant who alleges the statute under which he is prosecuted is unconstitutional on its face and thus there is no valid statute and the charging instrument is void. *See Ex parte Matthews*, 873 S.W.2d 40, 40 (Tex. Crim. App. 1994). However, a pretrial application for writ of habeas corpus may not be used to advance an "as applied" challenge. *Ex parte Ellis*, 309 S.W.3d at 79 ("Pretrial habeas can be used to bring a facial challenge to the constitutionality of the statute that defines the offense but may not be used to advance an 'as applied' challenge."); *Ex parte Weiss*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001). Therefore, an appellate court should not address an "as applied" challenge to a statute. *See Ex parte Ellis*, 309 S.W.3d at 92.

---

minor or other believed by the person to be a minor a party to the commission of an offense under one of those sections. *See* TEX. PENAL CODE ANN. § 15.031(b) (West Supp. 2014).

Although appellant challenged the statute's facial constitutionality in his pretrial application, he limits his argument on appeal to the constitutionality of the statute as applied to his case. He even faults the State for "bas[ing] its entire argument on the constitutionality of the statute on its face. . . ." He asserts nothing in the statute gave him "fair notice" that his speech during telephone conversations with his step-daughter would be criminal, and the statute as applied to his case is unconstitutional. Appellant's challenge to the constitutionality of the statute "as applied" is not cognizable on appeal from denial of pretrial writ of habeas corpus. *See Ex parte Ellis*, 309 S.W.3d at 82. Thus, we lack jurisdiction over the appeal.

We dismiss the appeal for want of jurisdiction.


/ David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
150488F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE ROBERT WAYNE
DILLARD

No. 05-15-00488-CR

Appeal from the 282nd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F12-28264-S).
Opinion delivered by Justice Evans,
Justices Fillmore and Myers participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered this July 7, 2015.