Ex parte Gregory WILHELM, Heidi
Monk, David Lundstrom, and
Jerome Griese, Appellants.

Nos. 01–94–01084–CR, 01–94–01085–CR,
01–94–01086–CR, 01–94–01087–CR
and 01–94–01088–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 15, 1995.

Brian W. Wice, Michael Ramsey, Houston,
for appellants.

John B. Holmes, Jr., Dan McCrory, War-
ren Diepraam, Craig Goodhart, Houston, for
appellees.

Before OLIVER–PARROTT, O'CONNOR
and TAFT, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

Appellants, Gregory Wilhelm, Heidi Monk,
David Lundstrom, and Jerome Griese appeal
the denial of the relief requested in their
pretrial petitions for writs of habeas corpus.
The appeal presents the issue of whether the
post-(alleged) offense amendment of certain
gambling statutes to carry a lighter penalty
renders unconstitutional, as cruel and unusu-
al punishment, the application to appellants
of the former statutes carrying a heavier
penalty.

In the underlying cases, appellants are
charged with the offense of engaging in orga-
nized criminal activity (gambling offenses).
*See* former TEX.PENAL CODE ANN.
§ 71.02(a)(2)[1] and TEX.PENAL CODE ANN.
§ 71.02(a)(2) (Vernon 1994).[2] As an element
of this offense, appellants are also charged
with the commission of other offenses (predi-
cate offenses): gambling promotion, keeping
a gambling place, and communicating gam-
bling information. The legislature amended
the statutes proscribing these predicate of-
fenses, effective September 1, 1994, down-
grading their punishment category from
third degree felony to Class A misdemeanor.

---

1. Act of May 25, 1977, 65th Leg., R.S., ch. 346,
1977 Tex. Gen. Laws 922, *amended by* Act of May
29, 1993, 73rd Leg. R.S., ch. 900, § 1.01, 1993
Tex.Gen.Laws 3586, 3698–99.
   This statute provided:
   (a) A person commits an offense if, with the
   intent to establish, maintain, or participate in a
   combination or in the profits of a combination,
   he commits or conspires to commit one or
   more of the following: ...
   (2) any felony gambling offense; ....

2. TEX.PENAL CODE ANN. § 71.02(a)(2) (Vernon 1994)
provides:
   (a) A person commits an offense if, with the
   intent to establish, maintain, or participate in a
   combination or in the profits of a combination,
   he commits or conspires to commit one or
   more of the following:
   (2) any gambling offense punishable as a
   Class A misdemeanor....

*Compare* former TEX.PENAL CODE ANN. §§ 47.03(b), 47.04(b), 47.05(b) [3] with TEX.PE-NAL CODE ANN. §§ 47.03(b), 47.04(b), 47.05(b) (Vernon 1994) (classifying violation of these statutes as a Class A misdemeanor). Appellants and the State agree that appellants are charged with committing their offenses before September 1, 1994.[4]

When amending the penal code in 1994, the legislature provided a specific savings provision, providing that an offense committed before September 1, 1994, be punished in accordance with the law in effect at the time of the commission of the offense.[5]

In their petitions for writs of habeas corpus and here on appeal, appellants argue that section 71.02(a)(2) is unconstitutional as applied to them because it denies them the benefit of the reduction in penalty category passed by the legislature and amounts to cruel and unusual punishment under the state and federal constitutions.

■ A court should not grant habeas corpus relief when there is an adequate remedy by appeal. *Ex parte Hopkins,* 610 S.W.2d 479, 480 (Tex.Crim.App.1980). This rule is not absolute, *Ex parte Groves,* 571 S.W.2d 888, 890 (Tex.Crim.App.1978). There have been cases where courts have recognized pretrial challenges to an indictment or to the constitutionality of a statute under which the defendant was being charged. *See, e.g., Ex parte Matthews,* 873 S.W.2d 40, 42 (Tex.Crim.App.1994) (pretrial petition for writ of habeas corpus held permissible to challenge the constitutionality of a tolling statute, TEX.CODE CRIM.PROC.ANN. art. 12.05(a)); *Ex parte Ward,* 560 S.W.2d 660 (Tex.Crim.App.1978) (pretrial petition for writ of habeas corpus used to challenge an indictment defective on its face because it violated the statute of limitations); *Ex parte Meyer,* 172 Tex.Crim. 403, 357 S.W.2d 754 (App.1962) (on pretrial petition for writ of habeas corpus, court held provision of the

election code to be void). These cases are distinguishable from this case, however, in that in each of them the defendant was asserting a legal challenge which if successful, would have totally barred prosecution. Even if appellants' points of error were sustained, it would not stop the prosecution of their case. The appellants argue that the entire nature of their defense is affected by whether they are facing a second degree felony or a state jail felony. We agree that the defense strategy is dramatically impacted by the severity of the charge and the range of punishment; however, the Court of Criminal Appeals has narrowly drawn the exceptions to the general rule prohibiting pretrial relief for complaints. We are not at liberty to broaden it.

■ A reviewing court also should not issue an advisory opinion. *Armstrong v. State,* 805 S.W.2d 791, 794 (Tex.Crim.App.1991). We do not know whether appellants will be convicted of the offenses with which they are charged. If they are not convicted, the question of whether the application of the old statutory penalties to appellants is unconstitutional would be moot, and our opinion would be merely advisory.

The rule that habeas corpus relief should not be granted when there is an adequate remedy at law should be adhered to when there is good reason to support it. *Hopkins,* 610 S.W.2d at 480. In this case, the good reason to do so is to avoid wasting judicial resources to decide a matter that will not stop the prosecution and may become moot.

We affirm the trial court's orders denying the relief requested in appellants' petitions for writs of habeas corpus.

3. Act of May 23, 1973, 63rd Leg., R.S., ch. 399, 1973 Tex.Gen.Laws 966–67, *amended by* Act of May 29, 1993, 73rd Leg. R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3698–99.

4. The punishment provision of section 71.02, before and after the most recent amendment, provides that if a person is charged with engaging in organized criminal activity, the category of that offense for punishment purposes is one level higher than the most serious predicate offense with which he is charged. TEX.PENAL CODE ANN. § 71.02(b) (Vernon 1994).

5. Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.18, 1993 Tex.Gen.Laws, 3586, 3705.