Gabriel Jaime CHAVEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–95–00254–CR.

Court of Appeals of Texas,
El Paso.

Sept. 25, 1997.

Nick Martinez, El Paso, for Appellant.

Jaime E. Esparza, District Attorney, El Paso, for Appellee.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

*OPINION*

BARAJAS, Chief Justice.

This is an appeal from a jury conviction for the offense of murder. The jury assessed punishment at life imprisonment in the Texas Department of Criminal Justice, Institutional Division and a fine of $10,000. We affirm the judgment of the trial court.

## I. SUMMARY OF THE EVIDENCE

In response to the State's notice of its intention to introduce extraneous offenses, Appellant filed a motion to exclude that evidence. Prior to trial, the court conducted a hearing to determine the admissibility of the extraneous offenses. The State presented evidence that Appellant was found in possession of 143.7 pounds of marijuana at the Sierra Blanca checkpoint in Sierra Blanca, Texas. Appellant's statement acknowledging the commission of this offense was placed in evidence.

The State also presented evidence that Appellant was involved in an incident that resulted in the attempted murder of one individual and the commission of aggravated assault upon another. The court ruled that offenses of attempted murder and aggravated assault would be admissible at the punishment stage of trial but reserved its ruling regarding the extraneous offense of possession of marijuana until a search and seizure question was resolved. At the punishment stage of trial, a hearing was held outside the presence of the jury and the court ruled that the extraneous offense involving the possession of marijuana would be admissible at the punishment stage of trial. Evidence of the extraneous offenses of attempted murder, ag-

gravated assault, and possession of marijuana were likewise presented to the jury.

During argument at the punishment stage of trial, the following exchange occurred:

STATE: There's been no remorse. There's been no sorrow. This guy doesn't regret what he did.

DEFENSE: Excuse me, Your Honor. I'm sorry, but I'm going to have to object. I believe that's a comment on the failure of the defendant to testify.

COURT: The objection is sustained. The jury will disregard the last comment.

DEFENSE: And I move for a mistrial at this point, Your Honor.

COURT: Denied.

DEFENSE: Excuse me, Judge?

COURT: It is denied, but the jury shall not consider the last comment of the prosecutor for any purpose, and so put it out of your mind completely.

Appellant did not testify at either stage of trial.

## II. DISCUSSION

■ In Point of Error No. One, Appellant asserts that TEX.CODE CRIM.PROC.ANN. art. 37.07 § 3(a)(Vernon Supp.1997) unconstitutionally delegates legislative power to the judiciary by authorizing the consideration of unadjudicated extraneous offenses when assessing punishment.[1] Specifically, Appellant argues that the phrase "as to any matter the court deems relevant to sentencing" in article 37.07 § 3(a) confers on trial courts unfettered, standardless discretion to admit evidence at the punishment stage of trial. Appellant's sole citation in support of this proposition is a statement in the concurring opinion of Judge Clinton in *Beasley v. State*, 902 S.W.2d 452, 460 (Tex.Crim.App.1995). Appellant makes no effort to either apply the facts of this case to that authority nor does he show how the complained-of statute is unconstitutional as applied to him. Accordingly, the constitutional issue is not properly before us. *Vuong v. State*, 830 S.W.2d 929, 941 (Tex.Crim.App.1992); *Briggs v. State*, 740 S.W.2d 803, 806 (Tex. Crim.App.1987); *Smith v. State*, 899 S.W.2d 31, 34 (Tex.App.—Austin 1995, pet. ref'd). Appellant's Point of Error No. One is overruled.

■ In Point of Error No. Two, Appellant contends that the state utilized impermissible jury argument at the punishment stage of trial. The State may not allude to a defendant's non-testimonial demeanor as being indicative of guilt absent any evidence in the record of such behavior. *Good v. State*, 723 S.W.2d 734, 738 (Tex.Crim.App.1986). Furthermore, an argument urging the jury to note the non-testimonial demeanor of a defendant as being indicative of lack of remorse or contrition can very well constitute a comment on the accused's failure to testify. *Dickinson v. State*, 685 S.W.2d 320, 324 (Tex. Crim.App.1984). However, an instruction by the trial court to the jury to disregard any such comment is generally sufficient to cure any error which may have occurred. *See Dinkins v. State*, 894 S.W.2d 330, 356 (Tex. Crim.App.1995); *Bower v. State*, 769 S.W.2d 887, 907 (Tex.Crim.App.1989); *Hawkins v. State*, 660 S.W.2d 65, 79–80 (Tex.Crim.App. 1983); *Villegas v. State*, 791 S.W.2d 226, 240 (Tex.App.—Corpus Christi 1990, pet. ref'd). In the instant case, Appellant's objection was sustained and an instruction to the jury was given to disregard any such comment. As the error was cured, there is no need to conduct a harmless error analysis. *Dinkins*

---

1. TEX.CODE CRIM.PROC.ANN. art. 37.07 3(a) provides in relevant part:

Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, and opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act. . . .

*v. State,* 894 S.W.2d at 356. Point of Error No. Two is overruled.

Having overruled each of Appellant's points of error, we affirm the judgment of the trial court.