**Ex Parte Hector Raul LUNA.**

No. 2–00–035–CR.

Court of Appeals of Texas,
Fort Worth.

July 20, 2000.

Ward Casey, Fort Worth, for Appellant.

Tim Curry, Tarrant County Crim. Dist. Atty., Charles M. Mallin, Asst. Dist. Atty. and Chief of Appellate Section, C. James Gibson, Rebecca Denham, Asst. Dist. Attys., Fort Worth, for Appellee.

Panel A: CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

## OPINION

ANNE GARDNER, Justice.

### I. INTRODUCTION

Appellant Hector Luna appeals from a denial of his pretrial writ of habeas corpus.

In two issues, he asserts that the trial court erred in denying relief on his pretrial habeas complaint that section 481.112(a) and (d) of the Texas Health and Safety Code [1] is unconstitutional as applied and enforced in Tarrant County, Texas, by permitting conviction of a crime without requiring proof of each element of the offense beyond a reasonable doubt. Because Appellant's claim is premature, we affirm.

## II. Factual Background

Appellant received two indictments for possession of cocaine with intent to deliver. He filed an application for writ of habeas corpus, in which he challenged both indictments on the basis that the offense of possession with intent to deliver is unconstitutionally vague [2] and because present case law allows a jury to convict a defendant on less than reasonable doubt. The trial court held a pretrial hearing on Appellant's writ of habeas corpus, at which Appellant presented no evidence other than copies of his indictments and his bail bonds. The court heard arguments of counsel and denied relief.

## III. Discussion

In two issues, Appellant complains that the statute under which he stands indicted permits a conviction without requiring proof beyond a reasonable doubt. In his first issue, Appellant complains that our judicial opinions have made it possible for a defendant in Tarrant County to be convicted of possession of a controlled substance with intent to deliver without proof beyond a reasonable doubt. Appellant's argument centers around our opinion in *Rhodes v. State*, 913 S.W.2d 242 (Tex. App.—Fort Worth 1995), *aff'd*, 945 S.W.2d 115 (Tex.Crim.App.1997), in which the defendant contended that the testimony at his trial reflected his possession of cocaine to be as consistent with personal use as with intent to deliver. We held that a jury could permissibly infer from the evidence that the defendant possessed cocaine with the intent to deliver. *See id.* at 251. In *Rhodes*, we were faced with a record that arguably supported conflicting inferences, yet we deferred to the presumption that the trier of fact resolved any such conflict in favor of the prosecution. *Id.* Appellant argues that our holding in *Rhodes* permits a conviction under section 481.112(a) and (d) for possession with intent to deliver on less than evidence beyond a reasonable doubt.

When challenging the constitutionality of a statute, it is incumbent upon an appellant to show that in its operation the statute is unconstitutional as to him and his situation. *See Vuong v. State*, 830 S.W.2d 929, 941 (Tex.Crim.App.1992); *Smith v. State*, 899 S.W.2d 31, 34 (Tex. App.—Austin 1995, no pet.); *Ex parte Guerrero*, 811 S.W.2d 726, 726 (Tex.App.— Corpus Christi 1991, no pet.); *Daniel v. State*, 704 S.W.2d 952, 954 (Tex.App.— Fort Worth 1986, pet. ref'd). It is not sufficient to show that the statute might be unconstitutional as to others. *See Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim.App.1992), *cert. denied*, 506 U.S. 999, 113 S.Ct. 600, 121 L.Ed.2d 537 (1992); *Parent v. State*, 621 S.W.2d 796, 797 (Tex. Crim.App.1981).

Likewise, a reviewing court should not consider hypothetical situations in which a statute may be unconstitutional. *Ex parte Anderson*, 902 S.W.2d 695, 698 (Tex.App.—Austin 1995, pet. ref'd). Nor may we, as a reviewing court, issue an advisory opinion. *See Armstrong v. State*, 805 S.W.2d 791, 794 (Tex.Crim.App.1991). At this stage of the adversarial proceeding against Appellant, we do not know whether he will be convicted of the offenses of which he is charged. If Appellant is not convicted, the question of whether the ap-

---

1. This statute makes the possession of cocaine with the intent to deliver a felony offense. Tex. Health & Safety Code Ann. § 481.112(a), (d) (Vernon Supp.2000)

2. Appellant does not challenge the statute for vagueness on appeal.

**608**

plication of section 481.112(a) and (d) is unconstitutional as to him would be moot, and our opinion would be merely advisory. *See Ex parte Wilhelm,* 901 S.W.2d 956, 957 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd).

Having only been charged under the statute, Appellant has failed to show how the possession with intent to deliver statute is unconstitutional as applied to him. Until a jury actually convicts him based on evidence that falls short of evidence beyond a reasonable doubt, his complaint is premature. *See Ex parte Tamez,* 4 S.W.3d 366, 366 (Tex.App.—Houston [1st Dist.] 1999, no pet.); *Chavez v. State,* 960 S.W.2d 829, 830 (Tex.App.—El Paso 1997, no pet.). Accordingly, we overrule Appellant's first issue.

In his second issue, Appellant asserts that he is entitled to a pretrial determination by this court of his habeas complaint. As discussed above, however, we cannot address the merits of Appellant's complaint because it is premature. Therefore, for the same reasons addressed in our response to Appellant's first issue, we overrule his second issue.

### IV. Conclusion

Having overruled Appellant's issues, we affirm the trial court's denial of Appellant's pretrial writ of habeas corpus.[3]

---

**3.** We believe the proper disposition of this case is to affirm the trial court's order denying relief, as opposed to dismissing the case. *See Ex parte McCullough,* 966 S.W.2d 529, 531 (Tex.Crim.App.1998) (even if a claim is not cognizable on habeas corpus, the appli-cant may appeal the trial court's denial of relief, and the court of appeals would have jurisdiction over the appeal); *Ex parte Headrick,* 997 S.W.2d 348, 350 (Tex.App.—Fort Worth 1999, no pet.) (same).