Opinion issued November 20, 2014



In The

# Court of Appeals

For The

# First District of Texas

————————————————

## NO. 01-14-00375-CR

————————————————

## EX PARTE WILLIAM D. DRIVER, Appellant

---

## On Appeal from the 182nd District Court
### Harris County, Texas
### Trial Court Case No. 1396922

---

## MEMORANDUM OPINION

Appellant William Driver appeals the trial court's denial of his request for a pretrial writ of habeas corpus. He challenges his indictment on the basis that a firearms-training simulation offered as part of the grand jury's orientation caused the grand jury returning the indictment to be biased against him. We conclude that

this complaint is not a proper basis for pretrial habeas corpus relief, and accordingly we affirm the ruling of the trial court.

**Background**

A Harris County grand jury returned an indictment against William Driver for committing the offense of assault of a public servant, specifically a police officer. *See* TEX. PENAL CODE ANN. § 22.01(a), (b)(1) (West Supp. 2014). Driver filed a motion to quash the indictment, in which he claimed that the grand jury that had indicted him had been "tampered with" because some of the grand jurors may have participated in a firearms-training simulator offered as part of the grand jury's initial orientation. Driver claimed that the grand jury was biased against him because the simulator "indoctrinated" the grand jurors to identify with the police in any altercation between a citizen and a police officer. After conducting an evidentiary hearing on the motion to quash, the trial court issued an order denying the motion along with the court's findings of fact and conclusions of law.

Driver filed a pretrial "Motion for Writ of Habeas Corpus and Motion to Stay" that challenged the indictment on the same grounds as in the motion to quash. The trial court denied Driver's request for a writ of habeas corpus and stayed the case pending the outcome of the appeal of the denial. Driver filed a notice of appeal from the order denying his request for a pretrial writ of habeas corpus.

2

## Analysis

"[A] pretrial habeas, followed by an interlocutory appeal, is an 'extraordinary remedy,' and 'appellate courts have been careful to ensure that a pretrial writ is not misused to secure pretrial appellate review of matters that in actual fact should not be put before appellate courts at the pretrial stage.'" *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) (quoting *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010)). Appellate courts must be careful, on interlocutory review, not to entertain an application for writ of habeas corpus when there is an adequate remedy by direct, post-conviction appeal. *See Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001); *see also Ex parte Smith*, 178 S.W.3d 797, 801 n.13 (Tex. Crim. App. 2005) ("[A] writ of habeas corpus cannot be used as a substitute for an appeal or to serve the office of an appeal."); *Smith v. Gohmert*, 962 S.W.2d 590, 593 (Tex. Crim. App. 1998) ("Habeas corpus is an extraordinary remedy; and, ordinarily, neither a trial court nor this Court, either in the exercise of our original or appellate jurisdiction, should entertain an application for writ of habeas corpus where there is an adequate remedy at law.") (quoting *Ex parte Groves*, 571 S.W.2d 888, 890 (Tex. Crim. App. 1978)). Consequently, "whether a claim is even cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved." *Ex parte Ellis*, 309 S.W.3d at 79. "If a non-cognizable claim is resolved on the merits in a

pretrial habeas appeal, then the pretrial writ has been misused, and the State can appropriately petition [the Court of Criminal Appeals] to correct such misuse." *Id.*

A defendant may use a pretrial writ of habeas corpus only in very limited circumstances. *See Smith*, 178 S.W.3d at 801. As a general rule, an indictment may not be challenged in a pretrial application for writ of habeas corpus. *See Ex parte Matthews*, 873 S.W.2d 40, 42 (Tex. Crim. App. 1994); *see also Ex parte Doster*, 303 S.W.3d at 724; *Ex parte Weise*, 55 S.W.3d at 620. The exceptions to this rule are generally limited to complaints regarding prosecutions under a void statute or prosecutions barred by double jeopardy or limitations. *See Maya v. State*, 932 S.W.2d 633, 637 n.6 (Tex. App.—Houston [14th Dist.] 1996, no pet.) (citing *Ex parte Matthews*, 873 S.W.2d 40, 41–43 (Tex. Crim. App. 1994)); *see also Ex parte Tamez*, 4 S.W.3d 854, 855-56 (Tex. App.—Houston [1st Dist.] 1999) ("Pretrial writs for habeas corpus generally may not challenge an indictment except for instances of a void statute or to assert a statute of limitations bar."), *aff'd*, 38 S.W.3d 159 (Tex. Crim. App. 2001) ("We have long held that when there is a valid statute or ordinance under which a prosecution may be brought, habeas corpus is generally not available prior to trial to test the sufficiency of the complaint, information, or indictment."). Conversely, the Court of Criminal Appeals has held that a pretrial writ may not be used to assert constitutional rights to a speedy trial, challenge a denial of a pretrial motion to suppress, or make a collateral estoppel

4

claim that does not allege a double-jeopardy violation. *See Ex parte Weise*, 55 S.W.3d at 620. These issues are better addressed by a post-conviction appeal. *Id.* Pretrial habeas should be reserved for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review. *Id.*

Although Driver fails to address the availability of pretrial habeas relief in his appellate brief, his petition filed with the trial court argued that pretrial habeas relief is available to test the validity of the indictment in this case because (1) he "would be released of the charges against him should the indictment be held improper," (2) he "has a substantive right not to be put on trial on an invalid indictment," and (3) "conservation of judicial resources requires that the accused have the right to test the indictment prior to a full trial taking place." Driver further argued that his situation "is similar to a double jeopardy claim, which has long been available pre-trial." Driver, however, offered no authority to support his proposition that the validity of an indictment based on allegations of grand jury bias can be remedied by pretrial habeas relief. Indeed, because Driver's arguments are true of most pretrial challenges to an indictment, they are contrary to the general rule that an indictment may not be challenged in a pretrial application for writ of habeas corpus.

Although the Court of Criminal Appeals has narrowly drawn certain exceptions to the general rule against challenging indictments by pretrial writ of habeas corpus, Driver fails to demonstrate that any of these exceptions apply to his case. As this court has explained, a court generally should not grant habeas corpus relief when there is an adequate remedy by appeal. *See Ex parte Wilhelm*, 901 S.W.2d 956, 957 (Tex. App.–Houston [1st Dist.] 1995, pet. ref'd) (citing *Ex parte Hopkins*, 610 S.W.2d 479, 480 (Tex. Crim. App. 1980)). The exceptions to this rule, including pretrial challenges to an indictment or to the constitutionality of a statute under which the defendant was being charged, involve circumstances in which the defendant was asserting a legal challenge which, if successful, would have totally barred prosecution. *See id.*; *see also Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005) (pretrial writ of habeas corpus is cognizable only in very limited circumstances, including certain issues that would bar prosecution or conviction). Unlike the exceptions noted in *Wilhelm*, Driver's challenge to the indictment in this case, even if successful, would not bar his prosecution through a new indictment.

Driver's assertion that his situation "is similar to a double jeopardy claim, which has long been available pre-trial" is unpersuasive. In rejecting a similar attempt to seek pretrial relief, the United States Supreme Court explained the unique basis for allowing double-jeopardy claims to be asserted before trial:

There perhaps is some superficial attraction in the argument that the right to a speedy trial—by analogy to these other rights—must be vindicated before trial in order to insure that no nonspeedy trial is ever held. Both doctrinally and pragmatically, however, this argument fails. Unlike the protection afforded by the Double Jeopardy Clause, the Speedy Trial Clause does not, either on its face or according to the decisions of this Court, encompass a "right not to be tried" which must be upheld prior to trial if it is to be enjoyed at all. It is the delay before trial, not the trial itself, that offends the constitutional guarantee of a speedy trial. If . . . an accused [is deprived] of his right to a speedy trial, that loss, by definition, occurs before trial. Proceeding with the trial does not cause or compound the deprivation already suffered.

*United States v. MacDonald*, 435 U.S. 850, 860–61 (1978). The Supreme Court's reasoning is instructive because, unlike a claim of double jeopardy, Driver has failed to demonstrate that his claim of grand jury bias encompasses a similar "right not to be tried which must be upheld prior to trial if it is to be enjoyed at all." *Id.* at 861.

For the foregoing reasons, we adhere to the general rule that pretrial habeas relief is not available to challenge indictments and therefore affirm the trial court's order denying Driver's request for a pretrial writ of habeas corpus.

## Conclusion

We affirm the trial court's ruling denying the pretrial application for a writ of habeas corpus.

Michael Massengale
Justice

Panel consists of Justices Massengale, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).