**Affirmed and Opinion Filed January 31, 2022**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-20-00411-CR**

**No. 05-20-00412-CR**

**ZACHARY LOGAN VAUGHT, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F19-47747-S & F19-47748-S**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Pedersen, III
Opinion by Justice Myers

A jury convicted appellant Zachary Logan Vaught in the above two cases of indecency with a child by contact. After hearing punishment evidence, the jury assessed appellant's punishment in cause number 05-20-00411-CR at seven years' imprisonment, and eight years' imprisonment in cause 05-20-00412-CR. Appellant brings three issues based on the alleged deprivation of his right to a unanimous jury verdict, the denial of his challenges for cause to prospective jurors, and the designation of an outcry witness. We affirm.

## DISCUSSION

## 1. State's Election

In his first issue, appellant argues the trial court "erred in not requiring the State to elect a specific transaction on which it planned to rely for conviction," over appellant's request to do so. The State responds that appellant's complaint is moot because appellant was acquitted of the charge in question.

Appellant was charged in the two instant indictments with indecency with a child by contact, and in a third indictment with aggravated sexual assault of a child. The indecency indictment in cause 05-20-00411-CR alleged contact between appellant's hand and the complainant's genitals:

> That ZACHARY LOGAN VAUGHT, hereinafter called Defendant, on or about the 18th day of February, 2017 in the County of Dallas, State of Texas, did unlawfully, with the intent to arouse and gratify the sexual desire of the defendant, engage in sexual contact with A.W., hereinafter called complainant, a child younger than 17 years, by contact between the hand of the defendant and the GENITALS of the complainant[.]

*See* TEX. PENAL CODE § 21.11(a)(1). The indecency indictment in 05-20-00412-CR alleged contact between appellant's genitals and the complainant:

> That ZACHARY LOGAN VAUGHT, hereinafter called Defendant, on or about the 18th day of February, 2017 in the County of Dallas, State of Texas, did unlawfully, with the intent to arouse and gratify the sexual desire of the defendant, cause A.W., hereinafter called complainant, a child younger than 17 years, to engage in sexual contact by causing the said complainant to contact the GENITALS of the defendant[.]

*See id.* The aggravated sexual assault of a child indictment, as read in court, alleged penetration of the complainant's female sexual organ with appellant's finger:

–2–

[T]hat Zachary Logan Vaught, hereinafter called defendant, on or about the 4th day of March, 2017 in the County of Dallas, State of Texas, did unlawfully then and there intentionally and knowingly cause the penetration of the female sexual organ of A.W., a child, by an object, to wit, the finger of the defendant, and at the time of the offense the child was younger than 14 years of age.

*See id*. § 22.021(a). The jury acquitted appellant of aggravated sexual assault of a child but found him guilty in the two cases involving indecency with a child.

During the charge conference on the three indictments, as the trial court reviewed the charge on the aggravated sexual assault indictment with the parties, the defense argued that the indecency indictment in 00411-CR alleging contact between appellant's hand and the complainant's genitals, and the aggravated sexual assault indictment alleging digital penetration of the complainant's sexual organ, improperly allowed the jury to convict appellant of two offenses for conduct in one criminal episode:

The underlying problem we have is that, um, because of the on or about length of time that exists around these types of cases as alleged in the three indictments, um, you can have a circumstance where the touching that forms the basis of [05-20-00411-CR] is also part of the conduct of the same criminal episode that forms the basis of . . . [t]he aggravated sexual assault penetration of a female organ.

So what that means is you can have convictions for two different offenses from the same criminal episode.

And the way to remedy that problem is to plead them, um, with circumstances that allow to jury to distinguish one from the other.

I would point out that the, uh, State pleads a different dates on these than it does the other two. But the problem that we have is even pleading a different date because of the on or about language, that doesn't fix, um, the duplication problem of two convictions for the

–3–

same criminal episode.

The trial court asked the defense to summarize what it wanted the court to do, and defense counsel replied:

> The way this is pled allows a jury to convict him of two different things for the same—uh, two different offenses for the same conduct.

> And what I would like the Court to do is to plead [the aggravated sexual assault case] with—and it can be done in the application paragraph with something more—um, something that better [en]ables . . . the jury to distinguish—something better—something other than time, which better [en]ables the jury to distinguish [the aggravated sexual assault] conviction from a [indecency] conviction.

The court responded that "what you just said is what the jury's job is," and that the court could not "add language to the application paragraph" of the charge. The State said it understood the defense's argument to be that the indecency indictment alleged a preparatory act to the conduct alleged in the aggravated sexual assault indictment. The State added, however, that the complainant testified to "multiple occurrences" of abuse, and the evidence showed separate acts supported each of the three indictments. The defense then made additional requests for certain language to include in the charge, and the trial court overruled these requests.

Later, toward the end of the charge conference, defense counsel again raised the issue and argued that the most appropriate remedy was for the State to elect the indictment on which it wished to proceed:

> Your Honor, uh, in going through the case law, the apparent best way to deal with this for the State to make any election.

> So at this time I'm, uh, requesting that the State make an election about

proceeding on either the [indecency] indictment or the [aggravated sexual assault] indictment. I've got case law in reference to that.

They also say that a motion to elect, uh, can be made at any time prior to submission of the case to the jury.

The trial court said it was "trying to understand why the State would have to elect, when it's three different cases, two different dates, and the [indecency indictment] and [the aggravated sexual assault indictment] aren't on the same day?" The court denied the defense's motion, explaining its ruling as follows:

The Court believes this is something that you, as the attorney, can address in closing arguments about the three incidents and that two different dates.

So based on your arguments presented, the Court is rejecting, uh, the addition of that language. And I'm not gonna require that the State, based on the record of this trial, uh, select between the two dates.[1]

The general rule is that "[w]hen one particular act of sexual assault is alleged in the indictment, and more than one incident of that same act of sexual assault is shown by the evidence, the State must elect the act upon which it would rely for conviction." *Owings v. State*, 541 S.W.3d 144, 150 (Tex. Crim. App. 2017) (internal quotation omitted); *Hiatt v. State*, No. 05-19-00564-CR, 2020 WL 7021539, at *3 (Tex. App.—Dallas Nov. 30, 2020, no pet.) (mem. op., not designated for publication). "Once the State rests its case in chief, upon a timely request by the

---

[1] Insofar as the trial court did not explicitly deny the defense's motion, it is well-settled that "[a] trial court's ruling on a matter need not be expressly stated if its actions or other statements otherwise unquestionably indicate a ruling." *See, e.g., Rey v. State*, 897 S.W.2d 333, 336 (Tex. Crim. App. 1995); *see also Miller v. State*, 83 S.W.3d 308, 319 (Tex. App.—Austin 2002, pet. ref'd) ("In most cases where a motion was found to be implicitly overruled, the trial judge took some affirmative action that clearly indicated a ruling.").

defense, the trial court must order the State to make an election." *Owings*, 541 S.W.3d at 150; *Hiatt*, 2020 WL 7021539, at *3; *see Duffey v. State*, 326 S.W.3d 627, 631–32 (Tex. App.—Dallas 2009, pet. ref'd); *see also* TEX. R. APP. P. 44.2(a). In the instant cases, however, as the State pointed out at the charge conference, the victim testified to multiple occurrences of abuse, and the evidence shows separate acts supported each of the three indictments. Appellant has not shown the trial court erred in not requiring the State to elect a specific transaction on which it planned to rely for conviction. Furthermore, even if we assume that an election was required under these circumstances, the jury's acquittal of appellant on the aggravated sexual assault indictment shows that the absence of an election was harmless. *See Jiminez v. State*, No. 07-07-0389-CR, 2009 WL 3102010, at *3 (Tex. App.—Amarillo Sept. 29, 2009, pet. ref'd) (mem. op., not designated for publication) ("And, as the State points out, the jury's acquittal of appellant on two of the four counts supports the conclusion the absence of an election was harmless."). We overrule appellant's first issue.

## 2. Denial of Challenges for Cause

In his second issue, appellant contends the trial court abused its discretion in improperly rehabilitating prospective jurors and denying appellant's challenges for cause. Appellant acknowledges the jurors were rehabilitated by the trial court, but he argues the rehabilitation was ineffective because the trial court used improper commitment questions. The State responds that error was not preserved, and that,

–6–

alternatively, the court did not abuse its discretion in denying the challenges for cause.

During the State's voir dire, the prosecutor explained to the panel the one witness rule, which is "the principle that a jury may convict a defendant on the testimony of one witness so long as the jury believes that witness has established all of the elements of the offense beyond a reasonable doubt." *Gibson v. State*, No. 14-19-00827-CR, 2020 WL 7626406, at *8 (Tex. App.—Houston [14th Dist.] Dec. 22, 2020, pet. filed) (mem. op., not designated for publication). The prosecutor then asked the panel members if they could follow this rule, and seventeen of them, prospective jurors 1, 11, 16, 23, 24, 31, 34, 36, 40, 42, 45, 47, 54, 57, 58, 60, and 71, said no. One of these jurors, 58, was rehabilitated by the defense during its portion of the voir dire. Another, 34, was rehabilitated on this issue by the trial court during individual questioning.

After striking prospective jurors for cause, the trial court spoke to veniremembers 1, 11, 16, 23, 24, 31, 36, 40, 42, 45, 47, 54, 57, 59, and 71. The court addressed them as follows:

> All right. So venire panelist, there are no right or wrong answers. You-all raised your card when the State talked to you about the one-witness rule and I need to go over a few things with you, okay?
>
> All right. So the hypothetical about one-witness rule. The one thing that's really key for you, okay, let's vision it. Let's envision it.
>
> The witness walks through the double doors. They walk through the swinging door. I give them the oath. They take the oath. They sit down.

They testify. Let's say they testify for an hour with the State and an hour with defense, okay?

And while the witness is on the stand, you are watching the witness. You've been watching them since they hit that double door, okay?

You've been watching them. You believe based on your observations of them you have deemed them to be credible, okay?

Based on their facial expressions. How they answered both questions from the State and defense. Uh, their—you know, just everything about their demeanor you believe this person. You don't have any doubt that this person is telling the truth.

When they get off the witness stand, you say to yourself, you know what, two plus two is four.

Everything they said made sense to me. I believe this person, okay?

And remember that chart that the State put up there for you with their elements. You and that chart in your head while they were testifying. You find them to be credible. You don't think that they lied on the witness stand.

In your mind while they're testifying you're literally checking off the elements.

Okay. The State proved that through them. Okay. The State proved that through them. Because remember, for some reason TV has us believing that the only evidence is physical evidence.

But testimony actually is evidence, okay?

So based on evidence from the witness stand. That's—there are only two ways you're gonna get evidence. The witness stand and exhibits, okay?

So based on that testimony, you believe that the State proved its case beyond a reasonable doubt, okay?

No one is convincing you of that, but you, 'cause you listened to that witness, okay?

And you're in the back. Each of you will have an independent vote in the back. You believe that that person was telling the truth. And you

believe the State proved their case beyond a reasonable doubt. There is no reasonable doubt left in your mind that the State has proven their case.

That's all the law requires of the State.

And you believe that person. And you believe they checked all the boxes.

I'm gonna ask you—one by one I'm gonna ask you put your cards up. I'm gonna ask you, the State has met its burden; that's all that the law requires that they do. Are you gonna say I know that the law says that. I don't care what the law says. Even if physical evidence doesn't exist, because I don't know if the person—you know, if the alleged victim came forward the next day or 10 years later. I'm still gonna require they need to go find some DNA. Or they need to go find something else even though the State has proven their case beyond a reasonable doubt. And you're the reason why you believe that, 'cause you believe the witness.

What's your answer?

Are you gonna find the person guilty because the State has proven their case beyond a reasonable doubt?

Or are you going to make the State, uh, do something that the law doesn't require, which is give you more evidence even though you believe the witness?

The trial court asked each of the prospective jurors if they would be able to find the defendant guilty if the State proved its case. Jurors 1, 11, 16, 23, 24, 36, 42, 45, 47, 54, 59, and 60 said yes. Four prospective jurors, however, 31, 40, 57 and 71, said no and were struck for cause by the court. The court then went through the panel row by row and asked each side if they had additional challenges for cause. The defense objected to the inclusion of 1, 11, 16, 24, 36, 42, 45, 47, 54, 59, and 60, arguing these veniremembers should be struck for cause because the trial court's rehabilitation was "not allowed under the law." The trial court denied the defense's

challenges for cause. The defense asked for eleven additional strikes "so that we could have . . . enough strikes to guarantee that we'll have a bias free jury panel." This request also was denied. The State used peremptory strikes to remove two of the veniremembers rehabilitated by the trial court—11 and 59. The defense also struck 59 as well as veniremembers 36 and 42. The twelve-member jury panel ultimately included six of the veniremembers the court had rehabilitated on the issue of the one witness rule: 1, 16, 23, 24, 45, and 47. When the trial court read this list aloud, the defense stated it had no objection "other than the previously raised objections concerning the . . . rehabilitation of the one-witness rule jurors."

We review a trial court's ruling on a challenge for cause for a clear abuse of discretion. *Davis v. State*, 329 S.W.3d 798, 807 (Tex. Crim. App. 2010). We accord that deference because the trial court is in the best position to gauge the demeanor and responses of the prospective jurors. *Id*. (citing *Gardner v. State*, 306 S.W.3d 274, 295–96 (Tex. Crim. App. 2009)). Particular deference is due when the prospective juror's answers are vacillating, unclear, or contradictory. *Smith v. State*, 297 S.W.3d 260, 268 (Tex. Crim. App. 2009); *see also State v. Gutierrez*, 541 S.W.3d 91, 100 (Tex. Crim. App. 2017). Also, a prospective juror may be challenged for cause by indicating that he or she could not convict based upon the testimony of one witness whom he or she believed beyond a reasonable doubt, and whose testimony proved every element of the indictment beyond a reasonable doubt. *See Lee v. State*, 206 S.W.3d 620, 623 (Tex. Crim. App. 2006).

If a trial judge errs in overruling a challenge for cause, the defendant must show harm. *Buntion v. State*, 482 S.W.3d 58, 83 (Tex. Crim. App. 2016). In this context, harm flows from a defendant having to use a preemptory challenge on the venireperson that the trial court refused to strike, and then being unable to use that preemptory on some other objectionable juror. *Comeaux v. State*, 445 S.W.3d 745, 750 (Tex. Crim. App. 2014); *Chambers v. State*, 866 S.W.2d 9, 22 (Tex. Crim. App. 1993) (citing *Demouchette v. State*, 731 S.W.2d 75, 83 (Tex. Crim. App. 1986)).

A commitment question attempts "to bind or commit a prospective juror to a verdict based on a hypothetical set of facts." *Standefer v. State*, 59 S.W.3d 177, 179 (Tex. Crim. App. 2001). Commitment questions require a venireperson to promise that he or she will base their verdict or course of action on some specific set of facts before he or she has heard any evidence, much less all the evidence in its proper context. *Sanchez v. State*, 165 S.W.3d 707, 712 (Tex. Crim. App. 2005); *Standefer*, 59 S.W.3d at 179.

Assuming appellant preserved his complaint,[2] nothing in the above-quoted explanation by the trial court demonstrates an attempt to bind or commit the prospective jurors to a verdict based on a hypothetical set of facts. *See Standefer*, 59 S.W.3d at 179. Instead, the record shows the court offering a hypothetical on the

---

[2] The State argues appellant forfeited his complaint because his argument on appeal (improper commitment question) does not comport with the objection in the trial court ("not allowed under the law"). Because we conclude that, assuming appellant's complaint was preserved, there was no abuse of discretion, we do not address this issue.

issue of the one witness rule largely limited to a discussion involving generic facts. The court's hypothetical did not include any specific facts that would require a prospective juror to commit to a conviction based on those facts. There is also no indication, and appellant does not assert, that there was anything incorrect about the trial court's explanation of the one witness rule. *See, e.g., Gibson v. State*, No. 14-19-00827-CR, 2020 WL 7626406, at *8 (Tex. App.—Houston [14th Dist.] Dec. 22, 2020, pet. filed) (mem. op., not designated for publication) ("[A]sking a potential juror if she can follow this rule when it is properly explained is not an improper commitment question."). Accordingly, we conclude the trial court did not err in overruling appellant's challenges for cause, and we overrule appellant's second issue.

### 3. Outcry Witness Designation

In his third issue, appellant argues the trial court abused its discretion in designating the forensic interviewer at the Dallas Children's Advocacy Center, Bernadette Martinez, as the outcry witness in the aggravated sexual assault of a child case, and that this "prejudiced and caused confusion for the jury."

As we noted before, the jury found appellant not guilty in the case involving aggravated sexual assault of a child. An issue becomes moot if our judgment cannot have any legal effect upon a controversy. *See Gordy v. State*, Nos. 12-14-00062-CR, 12-14-00063-CR, 2015 WL 858919, at *2 (Tex. App.—Tyler Feb. 27, 2015, no pet.) (mem. op., not designated for publication) (citing *Smith v. State*, 848 S.W.2d

–12–

891, 893 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd)). "The mootness doctrine applies to a case in which a justiciable controversy existed between the parties at the time the case arose, but the live controversy ceased because of subsequent events." *Ex parte Huerta*, 582 S.W.3d 407, 410 (Tex. App.—Amarillo 2018, pet. ref'd). "Any opinion by an appellate court ruling on a moot issue would be purely advisory, and Texas courts have no jurisdiction to issue advisory opinions." *Garcia v. State*, No. 05-19-01136-CR, 2021 WL 3645104, at *8 (Tex. App.—Dallas Aug. 17, 2021, no pet.) (mem. op., not designated for publication) (citing *Armstrong v. State*, 805 S.W.2d 791, 794 (Tex. Crim. App. 1991)); *see also McGuire v. State*, 493 S.W.3d 177, 208 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd); *Ex parte Luna*, 24 S.W.3d 606, 607 (Tex. App.—Fort Worth 2000, no pet.). Because our resolution of appellant's complaint regarding the trial court's outcry witness designation in the aggravated sexual assault of a child case could have no legal consequence, the issue is moot. We therefore overrule appellant's third issue.

We affirm the trial court's judgments.

/Lana Myers//
LANA MYERS
JUSTICE

200411f.u05
200412f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

–13–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ZACHARY LOGAN VAUGHT,
Appellant

No. 05-20-00411-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F19-47747-S.
Opinion delivered by Justice Myers.
Justices Partida-Kipness and
Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is

**AFFIRMED**.

Judgment entered this 31st day of January, 2022.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

ZACHARY LOGAN VAUGHT,
Appellant

No. 05-20-00412-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F19-47748-S.
Opinion delivered by Justice Myers.
Justices Partida-Kipness and
Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is

**AFFIRMED**.

Judgment entered this 31st day of January, 2022.